CLIFFORD DOGGETT v. THE STATE.

No. 8088.    Decided May 14, 1924.

**Selling Intoxicating Liquor—Constitutional Law.**

The contention that the law under which this conviction was had is unconstitutional, in that in defining the offense the Legislature omitted the exceptions contained in the constitutional amendment under which the law was passed, is untenable. Following: Walker v. State, recently decided.

Appeal from the District Court of Mills.  Tried below before the Honorable Lewis H. Jones.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. C. Darroch,* for appellant—Cited: Osborn v. State, 93 Texas Crim. Rep., 54; Laminack v. State, 93 id., 238; Pospichel v. State, 255 S. W. Rep., 738.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Appellant was charged by indictment with selling intoxicating liquor to which he entered a plea of guilty.  Upon the evidence introduced under such plea his punishment was fixed at confinement in the penitentiary for one year.

No attack was made upon the law in the court below, but for the first time in this court the contention is urged that the law under which conviction was had is unconstitutional, in that in defining the offense the Legislature omitted the exceptions contained in the constitutional amendment under which the law was passed.  This exact point has been settled adversely to appellant's contention in No. 8212, Walker v. State, opinion April 2, 1924; No. 8379, Sproules v. State, opinion April 9th, 1924.

An affirmance of the judgment is ordered.

*Affirmed.*